**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

ELAINE M. DIEHL,

*Plaintiff*,

v.

DILLON COMPANIES, L.L.C.,

*Defendant*.

Case No. 25-2425-AJP-RES

**MEMORANDUM AND ORDER**

Plaintiff Elaine Diehl filed suit against Defendant Dillon Companies, L.L.C. ("Dillons") asserting a claim of negligence arising out of Plaintiff tripping and falling on the sidewalk outside the entrance to one of Defendant's stores. Before the Court is Defendant's Motion to Determine Place of Trial (Doc. 31). For the reasons stated below, the Court finds that Wichita is more convenient. Thus, the Motion to Determine Place of Trial is granted, and the place of trial will be Wichita, Kansas.

## I. Factual and Procedural Background

Plaintiff was allegedly injured at Defendant's store in Hays, Kansas. Subsequently, on July 31, 2025, Plaintiff filed her present suit for negligence in this court against Defendant and designated Kansas City, Kansas as the place of trial (Doc. 1 at 5). Defendant filed an answer denying Kansas City as the place of trial and filed a Motion to Determine Place of Trial on May 22, 2026 (Doc. 31). Plaintiff

resides in Salina, Kansas and Defendant is an LLC with a sole member domiciled in Ohio. The parties anticipate a four-day trial.

Defendant argues that none of the Court's locations are convenient because all material events took place in Hays, where the Court is not located, but contends that Wichita is the most convenient location because it is closer to its witnesses than Kansas City. Defendant plans to call two witnesses to testify who were employees at the time of the incident and alleges that these two witnesses reside in Salina and Hays respectively; therefore, they will have to travel for the trial.

## II. Legal Standard

Under D. Kan. Rule 40.2(e), the Court is not bound by a party's designated place of trial and may determine the place of trial upon motion or at its discretion. "When determining the proper place of trial, the Court generally looks to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a)." *Kelley v. Bd. of Cnty. Comm'rs of Rice Cnty.*, No. 26-2082-EFM-BGS, 2026 WL 2122660, at *1 (D. Kan. July 23, 2026) (quoting *Walker v. Corizon Health, Inc.*, No. 17-2601-DDC-KGG, 2022 WL 1081188, at *1 (D. Kan. Apr. 11, 2022) (internal quotation marks and modification omitted). The factors are: (1) plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the accessibility of witnesses and other sources of proof, (4) the possibility of obtaining a fair trial, and (5) all other practical considerations that make a trial easy, expeditious, and economical. *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *1 (D. Kan. Dec. 2, 2014) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516

(10th Cir. 1991)). The burden of establishing that the existing forum is inconvenient is on the party moving to transfer a case pursuant to § 1404(a). *Scheidt v. Klein,* 952 F.2d 963, 965 (10th Cir. 1992).

## III. Analysis

Defendant argues inconvenience to its non-party witnesses, impact on its ability to subpoena witnesses, and inconvenience to counsel. Plaintiff contends Kansas City is more convenient for her, and Defendant has not met its burden to overcome the presumption in favor of Plaintiff's preference.[1] Neither party has argued that either forum impacts the fairness of the trial; thus, the Court does not address that factor.

### A. Plaintiff's Choice of Forum

"Unless the [§ 1404(a)] factors weigh strongly in defendant's favor, the plaintiff's choice of forum should rarely be disturbed." *Tiffany v. City of Topeka*, No. 09-2232-CM, 2009 WL 1683515, at *1 (D. Kan. June 16, 2009) (internal quotation marks and citation omitted) (alteration in original). "But this factor is 'largely inapplicable if the plaintiff does not reside' in the location it has designated for trial." *Radiologix, Inc. v. Radiology & Nuclear Med., LLC,* No. 15-4927-DDC-KGS, 2019 WL 121118, at *1 (D. Kan. Jan. 7, 2019) (quoting *Menefee v. Zepick*, No. 09-2127-JWL, 2009 WL 1313236, at *1 (D. Kan. May 12, 2009)); *see also Benson v. Hawker Beechcraft Corp.*, No. 07-2171-JWL, 2007 WL 1834010, at *1 (D. Kan. June

[1] Additionally, Plaintiff asserts that Defendant's motion is moot under D. Kan. Rule 40.2(d)(1), but she does not direct the Court to any authority supporting her proposition.

26, 2007) ("rationale for allowing the plaintiff to dictate the forum evaporates" when plaintiff lives outside his choice of forum). In fact, "courts have given little weight to a plaintiff's choice of forum 'where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum.'" *McDermed*, 2014 WL 6819407, at *2 (quoting *Cook v. Atchison, Topeka, and Santa Fe Ry. Co.,* 816 F. Supp. 667, 669 (D. Kan. 1993)).

Plaintiff's choice of forum is Kansas City. While she chose this location because she has family in the area that she could stay with to decrease her travel expenses and provide care for Caylor Diehl, Plaintiff does not reside in Kansas City. Also, as Defendant has highlighted, all the material events occurred in Hays, and Plaintiff has not alleged that there is any connection between this case and Kansas City. Accordingly, this factor favors transfer.

**B. The Convenience of the Witnesses**

The convenience of the witnesses is arguably the most important factor. *Cook*, 816 F. Supp. at 669. To demonstrate inconvenience, here, Defendant must "identify the witnesses and their locations, indicate the quality or materiality of their testimony, and indicate that depositions from witnesses who are unwilling to come to trial would be unsatisfactory and the use of compulsory process would be necessary." *LeTourneau v. Venture Corp.*, No. 15-2629-JAR, 2018 WL 489096, at *3 (D. Kan. Jan. 19, 2018) (internal quotation marks and citation omitted).

Defendant alleges that it has two non-party material witnesses who will need to travel to testify at trial—Justin Armstrong and Robert Berens. Plaintiff allegedly

has one non-party, material witness—Caylor Diehl. Armstrong is a current Dillions employee who resides in Hays. Berens is a former Dillons employee who resides in Salina. Diehl lives with Plaintiff in Salina.

Defendant argues that Wichita is more convenient because the travel time is shorter to Wichita than to Kansas City for both witnesses. Hays is about 2 hours and 39 minutes from Wichita and 3 hours and 49 minutes from Kansas City. Salina is about 1 hour and 21 minutes from Wichita and 2 hours and 32 minutes from Kansas City. Consequently, the round trip to Wichita is about 2 hours and 20 minutes shorter than the round trip to Kansas City from both Hays and Salina.[2] Thus, Wichita is more convenient because it requires less travel for all the witnesses.

Defendant, however, must demonstrate that the current forum is "substantially inconvenient," not merely that the desired forum is "marginally more convenient." *Escalante v. Williams*, No. 17-cv-2035-HLT-KGG, 2018 WL 4341268, at *1 (D. Kan. Sept. 11, 2018) (citation omitted). In *Escalante*, the Court held that Kansas City was substantially inconvenient when compared to Wichita where the witnesses were from Dodge City and Wichita because the Kansas City location doubled the witnesses' travel time. 2018 WL 4341268, at *2. Also, driving five hours from Dodge City to Kansas City was a substantial burden because the witnesses

---

[2] The Court takes judicial notice of the fact that per Google Maps, Hays is about 2 hours and 39 minutes (183 miles) from the Wichita courthouse, versus 3 hours and 49 minutes (267 miles) from the Kansas City courthouse, and Salina is 1 hour and 21 minutes (90 miles) from the Wichita courthouse, versus 2 hours and 32 minutes (175 miles) from the Kansas City courthouse. Thus, a round trip by car from Hays is 2 hours and 20 minutes shorter to Wichita than to Kansas City, and a round trip from Salina is 2 hours and 22 minutes shorter to Wichita than to Kansas City.

would have to stay overnight even if they were only testifying for one day. *Id.* Similarly, the Hays witness would have to drive about four hours to Kansas City and would likely have to stay overnight even if he is only needed for one day of the trial. Moreover, the Salina witnesses' travel time doubles if they must travel to Kansas City. Thus, the Court finds the convenience of the witnesses strongly favors setting Wichita as the place of trial.

**C. Accessibility of Witnesses and Other Sources of Proof**

Neither party has raised a specific issue with accessing evidence in this case. Defendant, however, alleges that "virtually all of the witnesses involved in this matter are outside the [Court's] subpoena power given their locations and the distance to the respective federal courthouses at either Kansas City, Kansas or Wichita, Kansas" (Doc. 31 ⁋ 9). If the place of trial is Wichita, witnesses located in Salina are still within the Court's 100-mile subpoena radius. *See* Fed. R. Civ. P. 45(c)(1). But the Salina witnesses are outside the subpoena radius of the Kansas City courthouse. At either location, the witness from Hays is outside the subpoena radius. As the power to compel witnesses to appear varies depending on the location of trial, this factor favors moving the trial to Wichita where the accessibility of witnesses is better. *See Barge v. O'Malley's Inc.*, No. 20-2035-DDC-GEB, 2020 WL 7186146, at *5 (D. Kan. Dec. 7, 2020) (finding the accessibility of witnesses factor favored transfer when doing so brought nearly all the projected witnesses within the 100-mile radius of the court's subpoena power). Although, Defendant has not alleged that presenting deposition testimony would be an unsatisfactory

alternative, "it would be unfair to force [it] to present a significant portion of [its] case by deposition." *Cook*, 816 F. Supp. at 669 (citation omitted). Thus, this factor supports transfer.

**D. All Other Practical Considerations**

"Finally, the Court may consider all other factors which make a trial easy, expeditious, and economical." *Kelley*, 2026 WL 2122660, at *3. Defendant argues that counsel for both parties would be inconvenienced by a trial located in Kansas City because Plaintiff's counsel is in Wichita and Defendant's counsel is in Hutchinson. The convenience of counsel can be considered, but it is afforded little weight. *Hunter v. Fed Ex Freight, Inc.*, No. 23-cv-02513-TC-TJJ, 2024 WL 2384276, at *4 (D. Kan. May 23, 2024); *see also Nkemakolam v. St. John's Military School,* 876 F. Supp. 2d 1240, 1248 (D. Kan. 2012) (fact that counsel had offices in Kansas City weighed against transfer to Topeka). Plaintiff rebuts Defendant's contention that her counsel is inconvenienced by a trial in Kansas City because her counsel has two Kansas City locations. The Court finds that Defendant's counsel would be inconvenienced by a trial in Kansas City.

Although already mentioned, Plaintiff argues that Kansas City is more economical for her as she has family in the area that can host her and provide childcare to decrease her expenses. The witnesses and Defendant, however, face greater travel and lodging expenses from having to travel to Kansas City. Comparatively, the economic detriment of trying this case in Kansas City impacts Defendant slightly more.

Finally, the Court and its staff are in Wichita. The forum in which the district judge and staff are located weighs in favor of a trial in that forum. *Radiologix*, 2019 WL 121118, at *3 (citing *Jones v. Wichita State Univ.*, No. 06-2131-KHV-GLR, 2007 WL 1173053, at *2 (D. Kan. Apr. 19, 2007)). Collectively, the practical considerations favor transfer to Wichita.

Overall, the convenience and accessibility of the witnesses outweigh Plaintiff's preference for a forum that has no ties to the events or parties in this case. The Court finds that Defendant has demonstrated that Kansas City is substantially inconvenient.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Determine Place of Trial (Doc. 31) is **GRANTED** and the Court designates Wichita, Kansas as the place of trial.

**IT IS SO ORDERED.**

Dated this 26th day of August, 2026.

s/ Anthony J. Powell
ANTHONY J. POWELL
UNITED STATES DISTRICT JUDGE